## NATIONAL LABOR RELATIONS BOARD v. RATH PACKING CO.
### No. 481 Original.

Circuit Court of Appeals, Eighth Circuit.

Oct. 31, 1940.

218

Thomas F. Wilson, Atty., National Labor Relations Board, of Washington, D. C. (Charles Fahy, Gen. Counsel, Robert B. Watts, Associate Gen. Counsel, Laurence A. Knapp, Asst. Gen. Counsel, Thomas F. Wilson, Richard C. Barrett, and Robert Leland, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

B. F. Swisher, of Waterloo, Iowa (Swisher, Swisher & Cohrt, of Waterloo, Iowa, on the brief), for respondent.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This case is before the court upon petition by the National Labor Relations Board for the enforcement of an order issued by it against respondent pursuant to Section 10(c) of the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq. Respondent is an Iowa corporation having its plant and principal place of business at Waterloo, Iowa. Amended charges having been filed against it by United Packing House Workers, Local Industrial Union No. 600, a labor organization referred to as the United, the Board through the regional director issued its complaint containing, in addition to jurisdictional averments, charges of which the following are relevant here:[1]

"5. The respondent during the year 1933, did initiate, foster and promote among its employees the formation of an organization known as the Joint Representative Committee Plan. On or about November 15, 1935, the name of the said organization was changed to Employees' Representative Council of Plant Employees of the Rath Packing Company, hereinafter referred to as the Council. The respondent has seated its own representatives on the Council and from the date of the formation of the Council has controlled, dominated and interfered with the administration of the Council; the respondent has furnished the Council with a meeting place at no cost or at nominal expense to the Council, and has contributed financial and other support to the Council.

"6. The acts of respondent set forth in paragraph 5 above constitute unfair labor practices within the meaning of Section 8, subdivision (2) of the Act."

Respondent's answer admitted the interstate character of its operations but denied the commission of any unfair labor practices.

A hearing having been had before an examiner, intermediate report was filed by

[1] The Board dismissed those portions of the complaint which alleged discriminatory treatment of certain employees in violation of Section 8 (3) of the Act.

him, to which exceptions were filed by respondent supported by brief. The Board's decision, including its findings of fact, conclusions of law and order, was rendered August 18, 1939, and is reported in 14 N. L.R.B. 805.

In addition to the facts establishing jurisdiction, the Board found, (1) that respondent dominated and interfered with the formation and administration of the Council and contributed financial and other support to it; by these acts, respondent interfered with, coerced and restrained its employees in the exercise of their rights under Section 7, thereby engaging in unfair labor practices within the meaning of Section 8(1) and (2) of the Act.

The Board ordered respondent to cease and desist from the unfair labor practices found, and, as affirmative action which it found would effectuate the policies of the Act, directed respondent to withdraw recognition from and disestablish the Council as representative of its employees for purposes of collective bargaining, and to post notices stating that the respondent will cease and desist as ordered by the Board, and will take affirmative action to "Withdraw recognition from Employees Representative Council of Plant Employees of the Rath Packing Company as representative of any of its employees for the purpose of dealing with the respondent concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work, and completely disestablish Employees Representative Council of Plant Employees of the Rath Packing Company as such representative."

## Opinion.

The decision and order of the Board include subsidiary findings of fact from which it finds "that the respondent formed the Council and since the effective date of the Act has dominated and interfered with its administration and has contributed financial and other support to it and has thereby interfered with, restrained and coerced its employees in the exercise of the rights guaranteed in Section 7 of the Act", and further, "that the Council is incapable of serving the respondent's employees as their genuine representative for the purpose of collective bargaining under the Act." As all of the subsidiary and ultimate findings appear in full in the Board's reported decision, there is no occasion to repeat them here.

In the points relied upon for reversal of the Board's order, the respondent has not specified any particular in which any of the subsidiary findings of fact made by the Board is contrary to or unsupported by the evidence, and our examination discloses none. But the contention of the respondent is that there is no substantial evidence to sustain the Board's findings of violations of the Act.

A primary object of the Act, stated in the declaration of policy in Section 1 thereof, is to protect the exercise by workers of full freedom of association and self-organization for the purpose of collective bargaining. Upon the evidence in this record the Board was justified in drawing its inference that the Employees Representative Council of Plant Employees of the Rath Packing Company did not come into being through the exercise of full freedom of association and self-organization by the workers. Its organization was planned and brought about under the direction of the employer. Such direction continued after the effective date of the Act and was violative of the Act. It is true that certain suggested changes were made in the plan of the organization after the Act had been upheld in the Jones & Laughlin Steel Corporation case (National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352), and the constitution and by-laws of the Council were amended in the particulars pointed out by the Board. The labor organization of the employees is governed by the amended constitution and by-laws. But substantial evidence supported the finding of the Board that interference and assistance on the part of the employer materially affected the changing and amending and the new organization as in the case of the original organization. The Council as it was planned and constituted originally was incapable of serving the respondent's employees as their genuine representative for the purposes of collective bargaining under the Act and the Board's conclusion that it remained so is supported by substantial evidence.

Attempts made by employers to continue existing employees' organizations violative of the Act by suggested modifications or changes in the name and the structure of such organizations have been considered by the courts and have not been sanctioned. The self-organization of work-

ers contemplated by the Act can be accomplished only in the exercise of their full freedom of association. See National Labor Relations Board v. Brown Paper M. Co., 5 Cir., 108 F.2d 867, 870, et seq. If they have been drawn into association dominated by the employer, their freedom from such association must be restored in order to enable them to exercise the full freedom of association guaranteed them by the Act. See National Labor Relations Board v. H. E. Fletcher Co., 1 Cir., 108 F.2d 459, 466; Cudahy Packing Co. v. National Labor Relations Board, 8 Cir., 102 F.2d 745, 753. Where it appears that such restoration of full freedom has been hindered by the employer and has therefore not been effected, the Board is empowered to accomplish it by an order to cease and desist and to disestablish. National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 58 S.Ct. 571, 82 L.Ed. 831, 115 A.L.R. 307; National Labor Relations Board v. Newport News Shipbuilding Co., 308 U.S. 241, 60 S.Ct. 203, 84 L. Ed. 219; Kansas City Power & Light Co. v. National Labor Relations Board, 8 Cir., 111 F.2d 340; Continental Oil Co. v. National Labor Relations Board, 10 Cir., 113 F.2d 473, 483; Westinghouse Elec. & Mfg. Co. v. National Labor Relations Board, 2 Cir., 112 F.2d 657. The Board's orders in this case being supported by substantial evidence should be sustained. National Labor Relations Board v. Waterman S. S. Corp., 309 U.S. 206, 60 S.Ct. 493, 84 L. Ed. 704; National Labor Relations Board v. Viking Pump Co., 8 Cir., 113 F.2d 759; Consumers Power Co. v. National Labor Relations Board, 6 Cir., 113 F.2d 38, 44.

It is contended for respondent that its acts, even if it be found that it has engaged in unfair labor practices under the terms of the Act, did not in any way affect interstate commerce. The absence of strikes or labor trouble or labor disputes at the plant is said to refute probability of interference with interstate commerce. But the jurisdiction of the Labor Board was not dependent upon the existence of strife or turmoil in respondent's plant. The Act declares that "protection by law of the right of employees to organize and bargain collectively safeguards commerce from injury * * * and promotes the flow of commerce", Section 1(1), and the Board's jurisdiction is not limited to cases in which actual obstruction of commerce through labor disputes, strikes or lockouts

has materialized. In National Labor Relations Board v. Bradford Dyeing Association, 310 U.S. 318, loc. cit. 326, 60 S. Ct. 918, loc. cit. 922, 84 L.Ed. 1226, the Supreme Court said "the Board's jurisdiction can attach, as here, before actual industrial strife materializes to obstruct that commerce." The cases in which orders like those in the present case have been made by the Board and sustained by the courts without any showing of the actual presence of labor disorders obstructing or threatening to obstruct commerce are too numerous to require citation.

The findings and conclusions of the Board being supported by substantial evidence, the enforcement of its order is directed.